UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTIN W. SETTLE,

        Plaintiff,

v.                              Case No. 3:12-cv-1064-J-39JRK

EVAN WILLIAMS, et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint (Doc. 1). He is proceeding on a Second Amended Civil Rights Complaint (Complaint) (Doc. 28). He names the following correctional officers employed at Florida State Prison as the Defendants in this action: (1) Officer Evan Williams; (2) Officer Jesse Oliveros; (3) and Sergeant Brandon Woods. Plaintiff claims that his rights under the Eighth Amendment were violated on August 23, 2012, when Defendants Williams and Woods used unnecessary and excessive force upon Plaintiff and Defendant Oliveros failed to protect him from this abuse.

This cause is before the Court on Defendants' Motion for Summary Judgment (Motion for Summary Judgment) (Doc. 54).[1]  The Court had previously advised Plaintiff of the provisions of Fed. R. Civ. P. 56, and gave him an opportunity to respond.  <u>See</u> Order (Doc. 13).  Plaintiff has filed a Motion for Leave to Amend his response (Doc. 83).  This motion will be granted and the Court will consider Plaintiff's Amended Brief in Opposition to the Defendants' Summary Judgment Motion (Response) (Doc. 81) and Plaintiff's Statement of Disputed Factual Issues (Doc. 82).[2]  Plaintiff's Exhibit L (Doc. 71-1) will be stricken by the Court as it does not include the date of the execution of the Declaration of Witness John V. Pino; therefore, it does not comply with the requirements of 28 U.S.C. § 1746.  Thus, Plaintiff's Exhibit L will not be considered by the Court.

---

[1] The Court will refer to the exhibits submitted in support of Defendants' Motion for Summary Judgment as "Ex."  The Court notes that Defendants failed to provide the Court with Ex. A.  This failure will not prevent the Court from addressing the Motion.  The Court also notes that Defendants filed exhibits B (Doc. 62), C (Doc. 60), and D (Doc. 61) separately.

[2] The Court hereinafter refers to the exhibits submitted in support of the Response as "P. Ex."  Plaintiff's Motion for Leave to Amend (Doc. 84) will be granted to the extent that Plaintiff asks that this Court to not consider Defendant J. Oliveros' original admissions (prior to the amendment) as part of his response.  <u>See</u> P. Ex. 10.  In all other respects the Motion for Leave to Amend (Doc. 84) will be denied since Plaintiff states the remaining portion of his Response (Doc. 81) is true and correct.

## II.  Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'"  Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir.) (per curiam) (quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)), cert. denied, 132 S.Ct. 420 (2011).

## III. Law and Conclusions

### A.  Eighth Amendment Claim

"The Eighth Amendment of the United States Constitution forbids 'cruel and unusual punishments.' U.S. Const. amend. VIII.  The Eighth Amendment is applicable to the states through the Fourteenth Amendment."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted).  The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-

3

> 21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); <u>see</u> <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the <u>Whitley</u> test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. <u>See</u> <u>Brown v. Smith</u>, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not.

<u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam). "Even when an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." <u>Ledlow v. Givens</u>, No. 12-12296, 2012 WL 6176471, at *4 (11th Cir. Dec. 12, 2012) (per curiam) (not selected for publication in the Federal Reporter) (citation omitted), <u>cert</u>. <u>denied</u>, 133 S.Ct. 2802 (2013).

In this case, the parties have contradictory versions of what happened on August 23, 2012. On one hand, Defendant Williams asserts that he used only the amount of force necessary to regain control of Plaintiff after Plaintiff spat on him and resisted the officer's efforts to restrain him. Defendants Woods and Oliveros contend that they did not use any force on Plaintiff. Woods claims that Settle was resisting when he saw Williams restraining him. Oliveros states that Williams released Plaintiff when Oliveros arrived at the shower area.

On the other hand, Plaintiff asserts that he was severely beaten in the shower by Defendants Williams and Woods, even though he was not resisting or posing any threat to the officers, and that, as a result of the beating, he suffered from hematomas on two parts of his forehead; a laceration above his right eye, which required sutures; a small laceration on each elbow; multiple scratches on his shoulder, chest, and arms; a deformation of his right shoulder; permanent scaring on his face and elbow; pain in his neck and right shoulder, and emotional distress. Plaintiff claims that Defendant Oliveros failed to intervene and protect him from the beating in the shower.

Both parties have submitted affidavits to support their respective positions. Additionally, Defendants have submitted fixed wing video footage depicting Plaintiff being escorted to the shower area. Ex. L.[3] This video evidence is inconclusive. Although Plaintiff can be seen walking into the shower area escorted by one officer, the incident which is the subject of the Second Amended Complaint is not captured by the fixed wing camera as the incident occurred in the shower, an area that is outside the range of the fixed wing camera. The video evidence also shows that shortly thereafter, two officers arrive at the shower area, but then the two officers promptly go into the shower and the incident is not captured by the fixed wing camera.

---

[3] Defendants submitted Exhibit L in camera (Doc. S-58).

Recently, the Eleventh Circuit addressed a similar claim of excessive force with respect to a claim of officers using excessive force during an altercation in the prison shower room, and found that the Court erred in crediting the Defendants' version of the facts over the Plaintiff's on "issues not depicted by video evidence." Mathis v. Adams, No. 14-10605, 2014 WL 4067751, at *2 (11th Cir. 2014) (per curiam). Here too Plaintiff alleges that the assault occurred in the shower, an area not captured by the fixed wing camera.  Thus, the question remains as to whether the use of force was applied maliciously and sadistically for the very purpose of causing harm, or was a justified use of force in response to aggressive and threatening actions taken by Plaintiff.  The question also remains as to whether Defendant Oliveros failed to protect Plaintiff.

Moreover, Plaintiff's medical records reflect that when CMT-C R. McCall examined Plaintiff on August 23, 2012, he had a laceration above his right eye, hematomas on his forehead, a scratch with redness on his right shoulder, neck pain, and multiple superficial scratches on his arms and chest. P.Ex. 5 (Doc. 81-5 at 8).  Also, of import, Plaintiff was promptly taken to Memorial Hospital for treatment, including sutures and x-rays.  Finally, upon his return to prison, medical personnel continued to monitor his condition.  P. Ex. 5.  Accordingly Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's

excessive force claim because there are genuine issues of material fact that prevent the entry of summary judgment at this stage of the proceeding.[4]

## B. 42 U.S.C. § 1997e(e)

Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e).  Motion for Summary Judgment at 19-21.

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints.  See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA).  An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal.  Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury

---

[4] Defendants also contend that they are entitled to qualified immunity with respect to Plaintiff's excessive force claim.  See Motion for Summary Judgment at 18.  Because there are material issues of fact with respect to this claim, the Court cannot address whether Defendants are entitled to qualified immunity until these disputed facts have been resolved.

7

> (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

The Eleventh Circuit has set forth the standard in an excessive use of force case.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[5] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam); Howard v. Memnon, Case No. 13-12049, 2014 WL 3411093, at *2 (11th Cir. July 15, 2014) (per curiam) (not selected for

---

[5] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

publication in the Federal Reporter) ("Courts examine the facts as reasonably perceived by the defendants on the basis of the facts known to them at the time.") (citation omitted).

The record shows that Plaintiff suffered from several injuries after this incident.  Not only was he treated in the emergency room, he was transported to the hospital by ambulance.  Based on the record before the Court, this is not an instance where the injuries would be considered to be de minimis.

Therefore, it is now

**ORDERED**:

1.   Plaintiff's Motion for Leave to Amend his response (Doc. 83) is **GRANTED** to the extent that the Court will consider the Amended Brief in Opposition to the Defendants' Summary Judgment Motion (Doc. 81) and Plaintiff's Statement of Disputed Factual Issues (Doc. 82).

2.   Plaintiff's Motion for Leave to Amend (Doc. 84) is **granted** to the extent that Plaintiff asks that this Court to not consider Defendant J. Oliveros' original admissions (prior to the amendment) as part of his response.  See P. Ex. 10.  In all other respects the Motion for Leave to Amend (Doc. 84) is **DENIED** since Plaintiff states the remaining portion of his Response (Doc. 81) is true and correct.

3.   Plaintiff's Ex. 11 (Doc. 71-1), the Declaration of Witness John V. Pino, is **STRICKEN.**

4. Defendants' Motion for Summary Judgment (Doc. 54) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of September, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 9/19
c:
Justin W. Settle
Counsel of Record